Lawrence J. Semenza, Esq.
Nevada Bar No. 789
LAWRENCE J. SEMENZA, LTD.
3753 Howard Hughes Parkway Suite 200
Las Vegas, Nevada  89169
Telephone:  (702) 369-6999
Facsimile:   (702) 263-3539
E-mail: lsemenza@semenzalawfirm.com

*Attorneys for Plaintiff Joyce Zaic*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE ZAIC,<br><br>                        Plaintiff,<br><br>v.<br><br>MICHAEL GIDDENS, an individual, T. WALL, an individual, and Defendant John Does 1 through 5,<br><br>                        Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL

Plaintiff, JOYCE ZAIC, by and through her attorney, Lawrence J. Semenza, Esq. of LAWRENCE J. SEMENZA, LTD., and alleges upon knowledge as to herself and her own acts,

and upon information and belief as to all other matters, bring this complaint against the above-named Defendants and in support thereof alleges the following:

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the Unites States. Defendants, while acting in their capacities as police officers for College of Southern Nevada (CSN), deprived plaintiff of her liberty and property without due process of law, thereby depriving plaintiff of her rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the constitution of the Unites States.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 42 U.S.C. § 1983 and under 28 U.S.C. § 1343, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1331.

3.      Venue in this District is proper because PLAINTIFF and DEFENDANTS reside and/or do business in Nevada.  Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

4.      Plaintiff Joyce Zaic is a citizen and resident of the State of Nevada and a citizen of the United States, who resides in Clark County, Nevada.

5.      Defendants Michael Giddens and T. Wall, were, at all times material to this Complaint, were  citizens and residents of the State of Nevada and citizens of the United States, who reside in Clark County, Nevada, and were duly appointed police officers of College of Southern Nevada Police Department. At all times material to this complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Nevada and the College of Southern Nevada Police Department.

6. Defendant John Does 1 through 5 and others not presently known to the plaintiff were, at all times material to this Complaint, duly appointed police officers of the College of Southern Nevada Police Department. At all times material to this Complaint, these defendants acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of Nevada, College of Southern Nevada Police Department.

7. Plaintiff sues all defendants in their individual capacities.

**FIRST CLAIM FOR RELIEF**

8. Plaintiff incorporates by reference all of the above paragraphs 1 through 6 of this Complaint as though fully stated herein.

9. Joyce Zaic was an on-line student at the College of Southern Nevada who had a dispute with the College, the substance of which was not made of record.

10. Because of this dispute, Ms Zaic was suspended, by letter dated January 7, 2010.

11. Ms. Zaic attempted to contest the suspension – which occurred during her last semester of college – and to obtain the "findings of fact and recommendations" cited by the College President as the basis for her suspension and to obtain a refund for the monies she had paid for classes she wasn't allowed to take.

12. Her repeated attempts to speak to the President were denied. She has never received a full refund for the classes she was not allowed to take. She never received a copy of the findings upon which her suspension was based.

13. On February 2, 2012, the College applied for a Temporary Order for Protection Against Harassment in the Workplace, pursuant to N.R.S.33.250. The Petition indicates that Ms Zaic, beginning in the summer of 2009, made

> regular threats of physical harm and using abusive and vial, racially-charged language towards employees of CSN. Ms Zaic has continued to harass employees of the Nevada System of Higher Education (NSHE) and as recent [sic]

3

as Feb. 2, 2012, Ms Zaic continues to harass the employees of CSN by using vile, racially-charged insults.  She has previously made threats of physical harm against CSN and NSHE employees and their families.

14. A Temporary Order was issued on February 7, 2012, and a hearing set for February 23, 2012.  No notice was given to Ms Zaic prior to the filing of the Application or the granting of the Temporary Order, though the Temporary Order itself indicates that she did have advance notice apparently based on the sworn affidavit of the applicant, Richard Hinckley, Esq. who indicated on his Feb. 2, 2012, application that he had notified her by E-mail and Mail on Feb. 3 – the day after he made the Application!

15. A Proof of Service for the Temporary Order was filed indicating that T. Wall of the CSN Police Department served Ms Zaic on February 15, 2012.

16. On February 16, 2012, CSN filed for a Modification of the TPO, asking that Ms Zaic be prohibited from blogging about "any Regent, NSHE or College officer & staff. . . ."

17. At the February 23, 2012, hearing, Ms Zaic was not present and the Court accepted the proof of service filed by the College, and granted an Extended Order for Protection. There was no evidence or testimony presented at the hearing.

18. There was nothing offered to support the allegations Ms Zaic had threatened to cause or had caused bodily injury to herself or another, or damage to the property of another or substantial harm to the physical or mental health or safety of another.

19. The Court found a possibility of irreparable harm because of the "continuous threat of stalking/harassment."

20. Numerous Returns of Service for the Extended Order were filed by the Civil Sheriff indicating that Ms Zaic had not been found to be served.  However, Michael Giddens, an employee of the CSN Police Department filed a Proof of Service, indicating he had served Ms Zaic with the Extended Order on May 4, 2012.

21. On April 26, 2012 CSN filed for enforcement of the Order, seeking to have Ms Zaic held in contempt, for an Extended Order she had not received.  That Motion cited service of the Extended Order personally on Ms Zaic on April 17, 2012, by a CSN employee.

22. The reasons for seeking the contempt citation were allegations that Ms Zaic had continued to post blogs or other internet materials which they claimed were in violation of the Extended Order. A hearing was set for May 23, 2012, on an Order to Show Cause regarding contempt.

23. The Justice Court sent a letter to CSN dated May 18, 2012, indicating that the Court was not able to serve Ms Zaic and that CSN would be responsible for service.

24. When the case came before the Court on May 23, 2012, the Court indicated that Ms Zaic could not be served, at which time Mr. Hinckley said "we did serve her" and gave the Court the Proof of Service indicating that a CSN employee, Michael Giddens, filed a Return of Service, saying he served Ms Zaic on May 15, 2012, prior to the Justice Court letter saying service could not be made.

25. Because Ms Zaic was not present, a bench warrant was issued for her arrest.

26. Upon information and belief, plaintiff believes that no bench warrant was issued or signed by the Court for the arrest of plaintiff.

27. Ms Zaic was forcibly arrested on June 8, 2012, at her home, by breaking down the door by CSN-employed police officers who charged her with violating N.R.S. 033.100, as well as resisting arrest.

28. Pursuant to N.R.S. § 391.275 School police have no jurisdiction outside of the school property only in situations of "hot pursuit." Hot pursuit did not exist.

29. The CSN Police officers had no authority to leave the campus, go to Ms Zaic's home, forcibly arrest her for violation of N.R.S.§ 33.100, which is a violation of a Domestic Violence Order.

30. By means of their unlawful arrest and detention of plaintiff, the destruction of property and the malicious charges they placed against her, defendants T. Wall and Michael Giddens, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived plaintiff of her right to be free of unreasonable arrest and willful destruction of property, in violation of the Fourth and Fourteenth Amendments to the constitution of the United States and 42 U.S.C. § 1983.

5

WHEREFORE, plaintiff Joyce Zaic demands judgment against defendants T. Wall and Michael Giddens, jointly and severally, for compensatory damages in an amount to be determined at trial, and further demands judgment against each of said defendants, jointly and severally, for punitive damages to be determined at trial, plus costs of this action and such other relief as to this Court deems just, proper, and equitable.

## **SECOND CLAIM FOR RELIEF**

31.  Plaintiff incorporates by reference all of the above paragraphs 1 through 30 of this Complaint as though fully stated herein.

32.  Defendants' illegal arrest and forcible entry and destruction of personal property and abuse of plaintiff, committed intentionally, either with malice or without malice, deprived plaintiff of her right to be free from unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. § 1983.

WHEREFORE, plaintiff Joyce Zaic demands judgment against defendants T. Wall and Michael Giddens, jointly and severally, for compensatory damages in an amount to be determined at trial, and further demands judgment against each of said defendants, jointly and severally, for punitive damages to be determined at trial, plus costs of this action and such other relief as to this Court deems just, proper, and equitable.

Dated this 8th day of June 2014.

> LAWRENCE J. SEMENZA, LTD.
>
> /s/ *Lawrence J. Semenza*
> Lawrence J. Semenza, Esq.
> 3753 Howard Hughes Pkwy, #200
> Las Vegas, NV  89169
>
> *Attorneys for Plaintiff Joyce Zaic*

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.