**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOYCE ZAIC, | Case No. 2:14-cv-00892-RFB-PAL |
| Plaintiffs, | **ORDER** |
| v. | |
| MICHAEL GIDDENS, *et al.*, | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court are Defendants' Motion to Dismiss First Amended Complaint (ECF No. 34); Defendants' Motion for Summary Judgment or in the alternative, Motion to Dismiss (ECF No. 38); and Plaintiff's Motion for Leave to File Answer re Motion for Summary Judgment (ECF No. 40), which the Court construes as a response to Defendant's Motion for Summary Judgment and therefore denies as moot. This case arises from Defendant Officer Giddens' and Wall's allegedly unlawful arrest of Plaintiff on June 8, 2012. For the reasons below the Court grants in part Defendants' Motion to Dismiss, denies Defendants' Motion for Summary Judgment, and denies Plaintiff's Motion for Leave.

## II.  BACKGROUND

### A. Factual Allegations

The Court summarizes Plaintiff's allegations as alleged in her Amended Complaint. ECF No. 32. Plaintiff brings this action under 42 USC 1983 alleging Fourth and Fourteenth Amendment violations regarding an unlawful search and seizure against two Defendants, Michael Giddens and

1  Timothy Wall, College of Southern Nevada ("CSN") police officers with the Southern Nevada
2  Police Department.
3      Plaintiff was an online student at CSN and had a dispute with the College. Am. Compl. at
4  ¶ 9. Because of this dispute, Plaintiff was suspended on January 7, 2010 during her last semester
5  of college. Id. at ¶ 10, 11.
6      On February 2, 2012, CSN applied for a Temporary Order for Protection against Plaintiff
7  for Harassment in the Workplace, pursuant to N.R.S.33.250. Id. at ¶ 12. A Temporary Order was
8  issued on February 7, 2012, and a hearing set for February 23, 2012. No notice was given to Ms.
9  Zaic prior to the filing of the Application or the granting of the Temporary Order, though the
10 Temporary Order itself indicates that she did have advance notice. Id. at ¶ 14.
11     On February 16, 2012, CSN filed for a Modification of the TPO. Id. at ¶ 16.  At the
12 February 23, 2012, hearing, Plaintiff was not present and the Court accepted the proof of service
13 filed by the College, and granted an Extended Order for Protection. Id. at ¶17. Numerous Returns
14 of Service for the Extended Order were filed by the Civil Sheriff indicating that Ms. Zaic had not
15 been found to be served. However, Defendant Michael Giddens, an employee of the CSN Police
16 Department, filed a Proof of Service indicating he had served Ms. Zaic with the Extended Order
17 on May 4, 2012. Id. at ¶ 20.
18     On April 26, 2012 CSN filed for enforcement of the Order, seeking to have Ms. Zaic held
19 in contempt of the Extended Order she had not received. Id. at ¶ 21. An Order to Show Cause
20 hearing was set for May 23, 2012. Id. at ¶ 22. The court sent a letter to CSN dated May 18, 2012,
21 indicating that the Court was not able to serve Ms. Zaic and that CSN would be responsible for
22 service. Id. at ¶ 23.
23     When the case came before the Court on May 23, 2012, the Court indicated that Ms. Zaic
24 could not be served, at which time it was represented that she was served, and CSN gave the Court
25 the Proof of Service indicating that Giddens had served Ms. Zaic on May 15, 2012. Id. at ¶ 24. As
26 a result of these representations, a bench warrant was issued for her arrest. Id. at ¶ 24, 25.
27     Defendants CSN Police Officers Michael Giddens and T. Wall arrested Plaintiff on June
28 8, 2012, at her home after they broke down the door in the process of arresting her. Id. at ¶ 27.

**B. Procedural History**

Plaintiff Joyce Zaic filed a Complaint against Defendants on June 8, 2014. ECF No. 1. Defendants filed a Motion to Dismiss on October 30, 2014. ECF No. 14. The Court granted this motion on September 14, 2015. ECF No. 31.

Plaintiff filed an Amended Complaint on October 2, 2015. ECF No. 32. The Court entered a scheduling order on October 7, 2015. ECF No. 33. Discovery was due by January 12, 2016 with motions due February 11, 2016.

Defendants filed a Motion to Dismiss on October 21, 2015. ECF No. 34. Defendants filed a Motion for Summary Judgment on February 11, 2016. ECF No. 38. Plaintiff filed a Motion for Leave to file Answer on February 25, 2016. ECF No. 40.

The Court held a hearing on August 17, 2016 regarding these motions.

**IV.   MOTION TO DISMISS**

**A. Legal Standard**

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

Regarding Plaintiff's Fourth Amendment claim, applied to the Defendants by the Fourteenth Amendment, the Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. Physical entry into the home is "the chief evil against which the wording of the Fourth Amendment is directed . . . ." United States v. U.S. Dist.

1 Court, 407 U.S. 297, 313 (1972); see also Murdock v. Stout, 54 F.3d 1437, 1440 (9th Cir. 1995)
2 ("[T]he protection of individuals from unreasonable government intrusion into their houses
3 remains at the very core of the Fourth Amendment."), abrogated on other grounds by United States
4 v. Ramirez, 523 U.S. 65 (1998).  Therefore, "[t]o safeguard the home," police "normally require a
5 warrant before [they] may enter."  Frunz v. City of Tacoma, 468 F.3d 1141, 1142-43 (9th Cir.
6 2006).  "Evidence recovered following an illegal entry of the home is inadmissible and must be
7 suppressed."  United States v. Arreguin, 735 F.3d 1168, 1174 (9th Cir. 2013) (quoting United
8 States v. Shaibu, 920 F.2d 1423, 1425 (9th Cir. 1990)). "Under the Fourth Amendment, law
9 enforcement may use 'objectively reasonable' force to carry out such seizures; as in the unlawful
10 arrest analysis, this objective reasonableness is determined by an assessment of the totality of the
11 circumstances. Because this inquiry is inherently fact specific, the 'determination whether the
12 force used to effect an arrest was reasonable under the Fourth Amendment should only be taken
13 from the jury in rare cases.'" Green v. City & Cty. of San Francisco, 751 F.3d 1039, 1049 (9th Cir.
14 2014) (internal citation omitted).

15 However, judicial deception may not be employed to obtain a search warrant. Franks v.
16 Delaware, 438 U.S. 154, 155–56 (1978). To support a § 1983 claim of judicial deception, a plaintiff
17 must show that the defendant deliberately or recklessly made false statements or omissions that
18 were material to the finding of probable cause. Galbraith v. County of Santa Clara, 307 F.3d 1119,
19 1126 (9th Cir.2002). A plaintiff's showing of a deliberate falsehood or reckless disregard for the
20 truth must be substantial. Ewing v. City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009).

21 **B. Discussion**

22 Defendants make two arguments as to why the Plaintiff's Complaint should be dismissed.
23 First, Defendants argue that Plaintiff's claim fails as a matter of law, because Defendants had the
24 authority to arrest Plaintiff at her residence and break down her door to arrest her. Defendants also
25 argue they are entitled to qualified immunity.

26 To summarize its findings, the Court finds that based on the record before it, Plaintiff states
27 a claim that does not fail as a matter of law at this stage in the proceedings. Second, the Court finds
28 that Defendant Wall is entitled to qualified immunity as to his attempt to arrest Plaintiff at her

1  residence. However, the Court does not find that Defendant Wall is entitled to qualified immunity
2  as to his breaking down Plaintiff's door in effectuating the bench warrant at this time. Regarding
3  Defendant Higgins, the Court finds that he is not entitled to qualified immunity based on Plaintiff's
4  allegations at the motion to dismiss stage.

### *i.  Plaintiff States a Claim*

6  Defendant argues that Plaintiff fails to state a claim as a matter of law because Defendants
7  had the authority to arrest Plaintiff on private property and to break down her door in the process.

8  The Court agrees that, under certain circumstances, a peace officer such as Defendants,
9  who are school district police officers of CSN, are permitted under NRS 171.124 to make an arrest
10 pursuant to a warrant. However, judicial deception may not be employed to obtain a warrant.
11 Franks v. Delaware, 438 U.S. 154, 155–56 (1978). In this case, Plaintiff alleges in her Amended
12 Complaint that Defendant Higgins engaged in judicial deception, which resulted in the judge's
13 issuance of a bench warrant. Therefore, the Court finds that despite Higgins's potential authority
14 to carry out the warrant at issue under NRS 171.124, Plaintiff states a claim against him under the
15 Fourth Amendment.

16 The Court also finds that, under NRS 171.138, a peace officer may break down a door to
17 carry out an arrest, even without a warrant, but only where the offense is a felony. See Payton v.
18 New York, 445 U.S. 573, 598 n. 46 (1980). In the context of Fourth Amendment claims under
19 Section 1983, the Ninth Circuit has held that "in evaluating a custodial arrest executed by state
20 officials, federal courts must determine the reasonableness of the arrest in reference to state law
21 governing the arrest." United States v. Mota, 982 F.2d 1384, 1388 (9th Cir. 1993). In that case, the
22 Court considered California's law as it relates to warrantless arrests by peace officers and held
23 that, "[g]iven the state's expression of disinterest in allowing warrantless arrests for mere
24 infractions, we conclude that a custodial arrest for such an infraction is unreasonable, and thus
25 unlawful, under the Fourth Amendment." Id. at 1389.  In this case, the offense which served the
26 basis for the bench warrant was failure to appear to a show cause hearing. The Court finds that the
27 bench warrant for Plaintiff's failure to appear was issued in the context of a civil case. There is no
28 record that the failure to appear arose out of a criminal offense or itself was charged as a criminal

offense. Therefore the Court finds that the failure to appear in this case was not a criminal offense, let alone a felony. Further, the Court is unaware of any Nevada Supreme Court precedent or NRS analogue that classifies a failure to appear at a show cause hearing in the context of a civil—rather than criminal—case as a misdemeanor, let alone a felony. Compare N.R.S. 199.335; Woolsey v. State, 906 P.2d 723, 726 (Nev. 1995) (discussing whether a failure to appear in a criminal case is a misdemeanor or felony failure to appear). Therefore, Plaintiff also states a claim under the Fourth Amendment regarding the officers' breaking down her door when they arrested her.

Because the Court finds that Plaintiff's Amended Complaint states a claim, the Court considers whether Defendants Wall and Higgins are entitled to qualified immunity.

### ii. Qualified Immunity

#### 1. Legal Standard

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Qualified immunity is an immunity from suit rather than a defense to liability, and "ensures that officers are on notice their conduct is unlawful before being subjected to suit." Tarabochia v. Adkins, 766 F.3d 1115, 1121 (9th Cir. 2014). In deciding whether officers are entitled to qualified immunity, courts consider, taking the facts in the light most favorable to the nonmoving party, whether (1) the facts show that the officer's conduct violated a constitutional right, and (2) if so, whether that right was clearly established at the time. Id.

Under the second prong, courts "consider whether a reasonable officer would have had fair notice that the action was unlawful." Id. at 1125 (internal quotation marks omitted). "This requires two separate determinations: (1) whether the law governing the conduct at issue was clearly established and (2) whether the facts as alleged could support a reasonable belief that the conduct in question conformed to the established law." Green v. City & Cty. of San Francisco, 751 F.3d 1039, 1052 (9th Cir. 2014). While a case directly on point is not required in order for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011). Further, the right must be

- 6 -

1  defined at "the appropriate level of generality . . . [the court] must not allow an overly generalized
2  or excessively specific construction of the right to guide [its] analysis." Cunningham v. Gates, 229
3  F.3d 1271, 1288 (9th Cir. 2000); see also al-Kidd, 131 S.Ct. at 2084. The plaintiff bears the burden
4  of proving that the right was clearly established. Id. at 1125.

5  In deciding a claim of qualified immunity where a genuine dispute of material fact exists,
6  the court accepts the version asserted by the non-moving party. See Bryan v. MacPherson, 630
7  F.3d 805, 823 (9th Cir. 2010).

**2. Discussion**

As an initial matter, the Court notes the distinct roles that each Defendant allegedly played in arresting Plaintiff. Defendant Wall helped execute the warrant and broke down Plaintiff's door to carry out the warrant. Defendant Higgins, like Defendant Wall, aided in the execution of the warrant and broke down Plaintiff's door in carrying out the warrant. However, Defendant Higgins also, allegedly, falsely represented that he had served Plaintiff with the notice of the Protective Order violation and the Order to Show Cause and therefore allegedly engaged in judicial deception to improperly obtain the bench warrant for Plaintiff's arrest. The Court also notes that Plaintiff's Fourth Amendment claim is based on two distinct incidents: 1) Defendants' attempt to arrest Plaintiff on private property; and 2) Defendants' breaking down Plaintiff's door in order to arrest her.

The Court finds that based on Plaintiff's allegations that Defendant Higgins engaged in judicial deception in obtaining the bench warrant for Plaintiff's arrest, Higgins is not entitled to qualified immunity at this time with regards to both his attempt to arrest Plaintiff and his breaking down Plaintiff's door to effectuate the arrest. This is because "qualified immunity is generally unavailable in a judicial deception case." Ewing v. City of Stockton, 588 F.3d 1218, 1228 n. 16 (9th Cir. 2009). See Branch v. Tunnell, 937 F.2d 1382, 1387 (9th Cir.1991) (stating that "if an officer submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth, ... he cannot be said to have acted in an objectively reasonable manner, and the shield of qualified immunity is lost") (internal quotation marks omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119

1   (9th Cir.2002). Therefore, the Court finds qualified immunity is not available to Higgins at this
2   time, and considers only whether Defendant Wall is entitled to qualified immunity.

3   Defendants argue that they did not violate Plaintiff's constitutional rights, and that even if
4   they had, her right to be free from the alleged violations were not clearly established. Defendants
5   do not dispute that they attempted to arrest Plaintiff at her home or that they broke down her door
6   in the process of arresting her. Rather, Defendants argue that their arresting Plaintiff on private
7   property was: permitted under NRS 171.124 and the interlocal agreement; coordinated with Las
8   Vegas Metropolitan Police Department (LVMPD) Officer Cantu prior to the arrest; and that
9   Defendants had obtained approval by the District Attorney to carry out the warrant. Regarding
10  breaking down Plaintiff's door to carry out the bench warrant, Defendants argue they were
11  permitted to do so under NRS 171.138 given that she allegedly evaded arrest, and because the
12  District Attorney confirmed their authority to do so under NRS 171.138.

13  To address Defendants' alleged authority to arrest Plaintiff, Defendants argue that NRS
14  171.124 permits a peace officer to make an arrest in obedience to a warrant "when a warrant has
15  in fact been issued in this State for the arrest of a named or described person for a *public offense*,
16  and the officer has reasonable cause to believe that the person arrested is the person so named or
17  described." (emphasis added). In response, Plaintiff argues that the warrant does not provide for
18  her arrest because the basis for the warrant—failure to appear to a Show Cause hearing—is not a
19  public offense in the context of the statute. Defendants do not respond to this argument. The Court
20  finds no authority that defines "public offense" in the context of this statute. However, the Ninth
21  Circuit has held that "a valid arrest warrant issued by a neutral magistrate judge, *including a*
22  *properly issued bench warrant for failure to appear*, carries with it the limited authority to enter a
23  residence in order to effectuate the arrest." United States v. Gooch, 506 F.3d 1156, 1159 (9th Cir.
24  2007) (emphasis added).  The Court does not find that there is any law which prevents the holding
25  in Gooch from applying to failure to appear warrants based upon civil proceedings.  Therefore, the
26  Court finds that there is no clearly established law holding that an individual subject to a failure to
27  appear warrant arising from a civil proceeding could not be subject to the same limited authority
28  (and concomitant reasonable force) noted by the Court in Gooch.

Additionally, even if the basis for the bench warrant were not a public offense under NRS 171.124, and the Defendants' actions in carrying out the warrant were therefore unlawful, the Court does not find, as noted above, that Plaintiff's right was clearly established at the time they arrested her. Specifically, the Court does not find that "a reasonable officer would have had fair notice that the [arresting of Plaintiff under a bench warrant for a failure to appear] was unlawful." Tarabochia, 766 F.3d at 1125. In this case, Plaintiff has failed to meet her burden to demonstrate that the right as she has articulated—the right to be free from arrest by the school district police on her property, where a bench warrant was issued for her arrest—was clearly established at the time. Id. In fact, Plaintiff has not even argued that Defendants, specifically Defendant Wall, had any reason to believe that their actions violated Plaintiff's constitutional rights. Plaintiff does not argue that the bench warrant was facially invalid, and does not dispute the allegation that Defendants confirmed their alleged authority to arrest her in the manner that they did with the District Attorney. Therefore, the Court finds that Defendant Wall is entitled to qualified immunity with regards to his attempt to arrest Plaintiff at her residence.

With regards to the second component of Plaintiff's claim, however, regarding the Defendants breaking down her door to arrest her, the Court does not find that Defendants are entitled to qualified immunity at the motion to dismiss stage of litigation. Defendants argue that under NRS 171.138 and given the District Attorney's representations regarding this statute, they were permitted to break down Plaintiff's door when she evaded arrest. However, NRS 171.138 provides that "[t]o make an arrest, a private person, *if the offense is a felony*, and in all cases a peace officer, may break open a door or window of the house, structure or other place of concealment in which the person to be arrested is, or in which there is reasonable grounds for believing the person to be, after having demanded admittance and explained the purpose for which admittance is desired." (emphasis added). In this case, Defendants do not argue that the basis for the warrant was a criminal felony, and there is no evidence in the record to suggest that Defendants believed that Plaintiff had been charged with a felony. Regarding the Defendants' reliance on the District Attorney's statements, Defendants cite to no case law that indicates that an officer's reliance on a District Attorney's incorrect articulation of a statute entitles them to qualified

immunity. Therefore, the Court does not find that at this time, Defendants are entitled to qualified immunity as it relates to breaking down Plaintiff's door to arrest her.

### V.     CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. ECF No. 34.  The motion grants qualified immunity to Officer Wall with respect to his attempt to arrest Ms. Zaic.  The remainder of the motion is denied.  The Defendants' arguments regarding qualified which have been denied are denied without prejudice to being raised upon a more complete evidentiary record.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is DENIED without prejudice. ECF No. 38.

**IT IS FURTHER ORDERED** discovery shall reopen for 60 days until October 24, 2016. Written discovery must be propounded by September 6, 2016 and responded to by September 20, 2016.  Each side will be permitted four depositions.  All depositions must be noticed by September 30, 2016 and scheduled to be completed within the discovery period.  All depositions must take place in Las Vegas, Nevada.  If Plaintiff does not properly engage in discovery in good faith the Court may issue case-dispositive sanctions. Dispositive motions must be filed no later than October 31, 2016.

DATED: August 23, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**