RICHARD L. HINCKLEY, ESQ.
Nevada Bar No. 1884
DIANE L. WELCH, ESQ.
Nevada Bar No. 11738
COLLEGE OF SOUTHERN NEVADA
OFFICE OF GENERAL COUNSEL
6375 W. Charleston Ave., (W32E)
Las Vegas, Nevada 89146
Telephone: (702) 651-7488
Facsimile: (702) 651-7464
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE ZAIC, | Case No. 2:14-cv-00892-RFB-PAL |
| Plaintiff, | |
| vs. | **MOTION FOR SANCTIONS** |
| MICHAEL GIDDENS, an individual, T. WALL, an individual, and Defendant John Does 1 through 5, | |
| Defendants. | |

COME NOW DEFENDANTS, MICHAEL GIDDENS and TIMOTHY WALL ("Defendants"), by and through their undersigned counsel, and hereby move for sanctions against Plaintiff in the form of full dismissal of this matter with prejudice, for Plaintiff's failure to obey the Court's Order dated August 23, 2016 (ECF No. 46), and as provided for under the Federal Rules of Civil Procedure. This motion is brought pursuant to Federal Rules 26 and 37, Local Rule 4-1(c)&(d), 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions. This motion is further supported by the following Points and Authorities, the papers and pleadings on file herein, and any oral argument this Court may require.

///

///

///

# POINTS AND AUTHORITIES

## I. PROCEDURAL FACTS

As set out below, Plaintiff has twice ignored this Court's orders to conduct discovery in good faith. This ongoing pattern of Plaintiff's willful and intentional failure to cooperate in the discovery process is evident in the procedural history of the case, as follows.

On September 14, 2015, the Court dismissed Plaintiff's initial Complaint because her claims were based on an improper and inapplicable Nevada statute. (ECF No. 31) The Court's ruling permitted Plaintiff to file an Amended Complaint, and ordered discovery be reopened pending the outcome of Defendants' anticipated Motion to Dismiss Plaintiff's Amended Complaint. Specifically, the parties were directed to exchange initial disclosures, file a joint discovery plan and scheduling order, and conclude written discovery within 120 days (no depositions were permitted at that time). Plaintiff failed to engage in any discovery whatsoever, and did not cooperate with Defendants in their discovery efforts, as set out in detail in Defendants Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 38). As set out in that motion, not only did Plaintiff fail to propound any discovery requests upon Defendants, but she refused to answer any of Defendants' written discovery requests – including the Request for Admissions - and ignored efforts by Defendants' counsel to obtain her written responses. The facts, law, exhibits, and argument contained in that Motion are specifically renewed and incorporated into this Motion for Sanctions as if fully restated and included herein.

Plaintiff filed her First Amended Complaint on October 2, 2015, (ECF No. 32) followed by the filing of Defendants' Motion to Dismiss First Amended Complaint on October 21, 2015

(ECF No. 34), which the Court granted in part and denied in part in its Order dated August 23, 2016 (ECF No. 46).

The Order from that hearing also contained the Court's order that discovery recommence in this case with a cut-off date for all discovery on October 24, 2016. (ECF No. 46, pg. 10). This portion of the Order followed lengthy discussion by the Court at the August 17, 2016 hearing, including the Court's specific guidance to the Plaintiff regarding the nature of conducting written discovery and depositions, Plaintiff's prior failures to issue or respond to discovery in this case, and the requirement that Plaintiff engage in discovery in good faith going forward or face case-dispositive sanctions. This portion of the Court's Order reads as follows:

"IT IS FURTHER ORDERED discovery shall reopen for 60 days until October 24, 2016. Written discovery must be propounded by September 6, 2016 and responded to by September 20, 2016. Each side will be permitted four depositions. All depositions must be noticed by September 30, 2016 and scheduled to be completed within the discovery period. All depositions must take place in Las Vegas, Nevada. **If Plaintiff does not properly engage in discovery in good faith the Court may issue case-dispositive sanctions.** Dispositive motions must be filed no later than October 31, 2016." (ECF 46, Pg. 10, ll. 13-19, **emphasis added**)

Plaintiff propounded written discovery requests on Defendants in the form of Requests for Admissions and First Set of Interrogatories within the deadlines allotted by the Court, and Defendants provided full and timely responses. Plaintiff then propounded her Request for Production of Documents on Defendants with the Certificate of Mailing dated September 18, 2016, and postmarked on September 20, 2016 (Exs. 1a, 1b, &1c) These requests were received well after the Court-ordered deadlines for requests and responses. Because Plaintiff has withheld her email address and telephone number in this matter, Defendants' counsel notified her of their objections to the untimeliness of her Requests for Production of Documents via letter dated October 11, 2016 (Ex. 2 with proof of delivery). During a telephone call on October

3

18, 2016 with Defendants' counsel, Plaintiff indicated she had not yet retrieved this letter from her Post Office box. (Ex. 3)

Defendants propounded their renewed written discovery requests upon Plaintiff on September 2, 2016, including a Request for Admissions, Request for Interrogatories, and Request for Production. On September 19, 2016, Plaintiff provided deficient responses and baseless objections to Defendants' Request for Interrogatories and Requests for Production (Exs. 4a, 4b & 4c). Defendants again corresponded by letter to notify Plaintiff of the deficiencies in her discovery responses (Ex. 5, with proof of delivery). Counsel for Defendants further discussed the need for Plaintiff to properly respond to written discovery by the deadline of October 24, 2016, during the October 18, 2016 telephone conversation with Plaintiff. During that conversation, Plaintiff acknowledged she had not reviewed counsel's letter regarding her failure to properly respond. To date, Plaintiff has failed to provide proper responses to Defendants' duly served written discovery requests (Ex. 3).

In accordance with the Court's Order, Defendants set the Plaintiff's deposition for October 20, 2016 at 10:00 a.m., with the Notice of Deposition sent to Plaintiff by certified mail, delivery confirmation on September 30, 2016 (Ex. 6). Plaintiff acknowledged the date and time of her deposition during the October 18, 2016 telephone call with Defendants' counsel. (Ex. 3) Counsel for Defendants appeared for Plaintiff's deposition, but Plaintiff failed to appear. At no time had Plaintiff indicated she would not attend or was not available (Ex. 8, Transcript of Nonappearance of Joyce Zaic).

Plaintiff filed an improper and deficient Notice of Deposition for each Defendant setting their depositions for the last day of discovery, October 24, 2016 (ECF Nos. 51 & 52). Counsel for Defendants was unavailable on that date, and sent correspondence to Plaintiff on October 6,

4

2016 providing her with alternative available dates and alerting her that her Notices contained legal deficiencies (Ex. 7 with proof of delivery). To date, Plaintiff has provided no amended Notice for either Defendants' deposition or contacted Defendants' counsel to discuss rescheduling on a mutually available date. Neither has Plaintiff amended her Notices to cure the legal deficiencies contained therein (Ex. 3).

The Court set very specific dates and deadlines for discovery during the August 17, 2016 hearing as reflected in the 8/23/16 Order (ECF No. 46). Despite receiving timely notice of her deposition on October 20, 2016, Plaintiff waited until just before her deposition to contact Defendants' counsel requesting the parties stipulate to a stay of discovery and depositions pending the outcome of Defendants' Motion for Reconsideration of the Court's August 23, 2016 Order (filed as ECF No. 48). Defendants declined to stipulate, explaining that a stay of discovery would be contrary to the Court's Order. On October 19, 2016, the day *before* her deposition, and while discovery requests were outstanding, Plaintiff filed an Expedited Ex Parte Motion to Stay Discovery and Depositions (ECF No. 53). Defendants filed their opposition the same day (ECF No. 54). The Court has yet to rule on that motion.

Plaintiff failed to appear for her duly noticed deposition on October 20, 2016 (Ex. 8). There remain outstanding discovery requests awaiting Plaintiff's proper responses. Plaintiff has never responded to any correspondence from Defendants' counsel regarding the deficiencies of her discovery responses, her improper objections, the untimely request for production, or counsel's proposed alternative dates for the Defendants' depositions.

Plaintiff has not participated in discovery in good faith as ordered by the Court. Defendants now seek sanctions in the form of full dismissal of this case, with prejudice.

## II. ARGUMENT

### A. The Court has broad power to impose sanctions for a litigant's failure to obey a Court's order regarding discovery under the Federal Rules, Federal Law, and the Court's inherent power to impose sanctions.

Federal Rule 26(g) allows the Court to impose sanctions upon a litigant who abuses the discovery process by improperly signing, and thereby certifying, that a discovery response or objection is consistent with the Federal Rules and existing law and is not interposed for any improper purpose, such as harassment or causing unnecessary delay. Fed. R. Civ. P. 26(g)(1)(B). Sanctions for violating this rule are not discretionary, as set out in sub-section (g)(3): "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, . . . ." (emphasis added). Federal Rule 26(g) mandates the imposition of sanctions for conducting discovery irresponsibly, and adopts the certification requirements of FRCP 11. See Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc., 2016 U.S. Dist. LEXIS 99524 (D. Nev. 2016), *citing* Lee v. Walters, 172 F.R.D. 421, 1996 U.S. Dist. LEXIS 21172 (D. Or. 1996) (internal citations omitted). By signing her discovery responses, a party acknowledges she has conducted a "reasonable inquiry" that her responses are consistent with the Federal Rules and existing law, and that the document is not submitted for any improper purpose to harass, delay, or cause needless expense for an opponent. Id., *See also* U.S. v. Kouri-Perez, 187 F.3d 1, 6 (1st Cir. 1999); In re Motion to Compel, 257 F.R.D. 12, 17 (D. D.C. 2009).

Federal Rule 37(b)(2) provides for sanctions against a party who fails to comply with a Court's discovery order, up to and including dismissal: "If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole

6

or in part." Rule 37 further requires the court to order payment of reasonable fees and costs incurred due to the disobedient party's failure to comply with the court's order. Fed. R. Civ. P. 37(b)(2)(C).

Under Federal Rule 37(d), the court may order sanctions, including dismissal, when a party fails to appear for her deposition after being served with proper notice (Fed. R. Civ. P. 37(d)(1)(A)(i)). Likewise, the Court may sanction a party for failing to serve answers to written discovery under Rules 33 and 34 (Fed. R. Civ. P. 37(d)(1)(A)(ii)). Failure to respond as required to written discovery is not excused on the grounds that the discovery sought was somehow objectionable, "unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

It is well within the court's discretion to dismiss an action when the plaintiff repeatedly fails to comply with discovery orders by the court, and "the record is full of evasion and dilatory tactics by the plaintiff and the discovery requested is relevant to the facts at issue." Payne v. Exxon Corp., 121 F.3d 503, 505-506 (9th Cir. 1997). Before dismissing a case under Rule 37, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id. "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." Id. (internal citations omitted).

Under 28 U.S.C. §1927, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

attorneys' fees reasonably incurred because of such conduct." Haynes v. City & County of San Francisco, 688 F.3d 984 (9th Cir. 2012). The Court may award § 1927 sanctions where there has been a finding of bad faith. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990). **Section 1927 sanctions may be imposed on a *pro se* litigant**. Wages v. IRS, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (**emphasis** added).

Further, the Court has inherent power to punish those who abuse the judicial process. This broad inherent power is necessary to allow the courts to function, and case law indicates the Court may invoke its inherent power to sanction, even if there are procedural rules which sanction the same conduct. Chambers v. NASCO, Inc., 501 U.S. 32, at 42-49 (1991). Courts have broad discretion to determine the appropriate sanction to be imposed. Id. Prior to awarding sanctions under its inherent powers, a court must make a finding of bad faith. Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648-49 (9th Cir. 1997). Under the Local Rules, the Court may impose "any and all appropriate sanctions on an attorney **or party appearing in** *pro se* who, without just cause: . . . (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court. LR 4-1 (**emphasis** added).

Plaintiffs appearing *pro se* are required to adhere to all rules of procedure and obey all Court orders. **"Pro se status does not excuse intentional noncompliance with discovery rules and court orders."** Sanchez v. Rodriguez, 29 F.R.D. 460 (9th Cir. 2014) (**emphasis** added).

### B. Case-Dispositive Sanctions Are Warranted for Plaintiff's Intentional Failure to adhere to the Court's Discovery Orders.

This is the second time Plaintiff has failed to engage in discovery with good faith as ordered by the Court. She has done anything and everything to prevent Defendants from obtaining the information necessary to mount a defense to her claims. Just as she did anything

8

and everything to avoid arrest under a properly issued Bench Warrant. Rather than properly engaging in the discovery process – which was explained to her at great length by the Court during the August 17, 2016 hearing – Plaintiff waits until the eve of her deposition to file a motion to stay discovery in a further attempt to avoid the Court's discovery deadlines and delay these proceedings. Plaintiff provided no legitimate explanation for avoiding her deposition. It is easily construed that she merely wished to avoid the requirement to answer question under oath as posed by Defendants' counsel. Her bad faith behavior comes after Defendants have provided their timely responses to her written discovery, and have gone through the effort and expense of scheduling and appearing for her deposition (Exs. 3 & 8).

Defendants' attempts at correspondence with Plaintiff provide evidence of Defendants' good faith efforts to resolve these discovery issues and comply with the Court's Order. Under no stretch of the imagination can it be said that Plaintiff has acted in good faith towards Defendants in this litigation. Plaintiff's actions are contrary to the Court's Order, have unduly multiplied the proceedings in this case, have prejudiced Defendants by causing yet another delay in this case and prolonging the outcome, have caused Defendants to incur unnecessary time and expense as a result of Plaintiff's actions. Defendants strongly advocate for the Court to impose case-dispositive sanctions.

This Plaintiff's *pro se* status cannot excuse her continued failure to properly pursue her claims, conform to this Court's orders, and fairly participate in discovery in good faith. She has repeatedly demonstrated her lack of good faith in pursuing this case by attempting to hide facts and information from the Defendants. Deference to a *pro se* litigant is required but <u>not</u> when it goes so far as to unfairly prejudice Defendants in gathering information relevant to their defense. Plaintiff's actions of repeatedly and intentionally withholding discovery responses and

failing to appear for her deposition are not based on any misunderstanding of Court rules or discovery procedures. Rather, these intentional acts by Plaintiff are designed to thwart Defendants' attempts to gather necessary and relevant information.

Plaintiff's repeated willful violations of the Court's orders related to discovery can no longer go unanswered by the Court. Without sanctions for her bad behavior, Plaintiff's history in this case demonstrates she will continue to act in bad faith and contrary to the public interests of expeditious completion of litigation and allowing the case to be deciding on the merits. Plaintiff's actions to withhold discovery and deny Defendants' ability to take her deposition have unfairly burdened Defendants and their counsel in terms of time, expense, and unjust prejudice to these Defendants. While less drastic sanctions may be available, Plaintiff's demonstrated hostility toward the process and repeated failure to adhere to the Court's orders indicate no lesser sanction will be effective. All of the factors considered for dismissal under Rule 37 weigh in favor of dismissing Plaintiff's case with prejudice. Under Federal Rule 37(b)(2), a plaintiff's "willful and repeated violations of discovery orders" provide the court with authority to dismiss the entire 'action or proceedings.'" Exxon Corp., 121 F.3d at 510.

Separate and apart from Rule 37, the principals for sanctions under the Court's inherent power are also present for Plaintiff's objective and willful failure to obey the Court's orders regarding discovery. The Court's direction to Plaintiff at the last hearing could not have been any clearer regarding discovery. Plaintiff indicated she understood the Court's order and went so far as to state the names of several individuals she planned to depose. In a show of good faith, Defendants' counsel also provided guidance to Plaintiff regarding deficiencies in her discovery responses and deposition notices. Her failure to obey the Court's Order regarding discovery can only be described as willful and for purposes of delay and harassment of these

10

Defendants. Under applicable case law, Federal Rules 26(g) and 37, and the Court's inherent powers, the Court has the required authority to sanction Plaintiff for her behavior by dismissing her case.

### C. Specific Examples of Plaintiff's Willful Lack of Good Faith in Pursuing her Claims

The following facts demonstrate Plaintiff's efforts to stymie Defendants' discovery efforts and her failure to act in good faith in prosecuting her claims since the beginning of this litigation:

1. Violation of the Court's 8/23/16 Order expressly requiring Plaintiff to engage in discovery in *good faith* or face <u>case dispositive sanctions</u>;

2. Failed to appear for her properly noticed deposition on October 20, 2016, even after acknowledging she was aware of the date and time;

3. Plaintiff attempted to avoid her deposition by filing a motion to stay discovery on the <u>day before</u> her scheduled deposition, causing Defendants time and expense of responding;

4. Wrongly propounded discovery requests on Defendants *well after* the clearly stated deadlines contained in the Court's 8/23/16 Order;

5. No good faith attempt to respond properly to Defendants' timely written discovery requests. Plaintiff instead asserted argument and nonsensical objections without providing the requested information, contrary to FRCP 26(g);

6. Contrary to the Court's 9/16/15 order to proceed with discovery (Doc. #31), Plaintiff failed to participate in the discovery process at that time as evidenced by the following:
    a. Plaintiff refused to respond to Defendants' discovery requests, despite inquiries by counsel for Defendants;
    b. Plaintiff failed to respond to Defendants' Request for Admissions;
    c. Plaintiff failed to propound any discovery requests on Defendants.
    d. Initial discovery closed January 12, 2016.

7. Plaintiff failed to communicate or participate in drafting the Interim Status Report pursuant to LR 26-3 as ordered in the Court's Discovery Plan and Scheduling Order (Doc. #33). Defendants' counsel attempted to contact Plaintiff and work with her to no

11

avail. After receiving no response from Plaintiff, Defendants filed a unilateral status report (Doc. #37);

8. Plaintiff failed to initiate or confer with counsel for Defendants in filing the Joint Discovery Plan and Scheduling Order as ordered by the Court (Doc. #31) and as further required by Fed. R. Civ. P. 26(f) and LR 26-1(d), despite defense counsel's attempts to contact her. As a result, the Court issued its own Discovery Plan and Scheduling Order (Doc. #33);

9. Plaintiff failed to serve any initial disclosures on Defendants as ordered by the Court;

10. Plaintiff failed to amend her Complaint in any meaningful way. The only change was to replace an incorrect citation to Nevada law, while leaving uncorrected the quoted text from the errant statute. Plaintiff made no other changes in the First Amended Complaint.

## III. CONCLUSION

Defendants have struggled against Plaintiff's antics in trying to comply with the Court's repeated orders related to discovery. As the laundry list of bad faith behavior above demonstrates, the Court has provided much more than the required "deference" to this pro per litigant. All to the Defendants' detriment. A case-dispositive sanction is warranted under the facts and circumstances of this case. Defendants are also entitled to an award of reasonable attorney's fees and costs for the time wasted in unnecessary motion practice, their attempts twice now to engage in discovery with Plaintiff, and Plaintiff's failure to appear at her deposition.

///
///
///
///
///
///

Dismissal of Plaintiff's Amended Complaint with prejudice is appropriate for her defiance of the Court's Order under Federal Rules 26(g) & 37, 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions.

Respectfully submitted this 27th day of October, 2016.

/s/ Diane L. Welch
DIANE L. WELCH
Nevada Bar No. 11738
COLLEGE OF SOUTHERN NEVADA
OFFICE OF GENERAL COUNSEL
6375 W. Charleston Ave., (WCE310)
Las Vegas, Nevada 89146
Telephone: (702) 651-7488
Facsimile: (702) 651-7464
*Attorney for Defendants GIDDENS and WALL*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of General Counsel for the College of Southern Nevada, located at 6375 W. Charleston Blvd. (WCE310), Las Vegas, Nevada 89146, I am over the age of 18 years, and I am not a party to the within cause. I further certify that on October 27, 2016, I electronically transmitted the attached **MOTION FOR SANCTIONS** to the U.S. District Court, District of Nevada, Clerk's Office using the CM/ECF System for filing, and I served a true and correct copy by depositing in the United States mail, postage prepaid, addressed to Plaintiff as follows:

Joyce Zaic
P.O. Box 570572
Las Vegas, NV 89157
*Pro per Plaintiff*

Joyce Zaic:  no email listed on the docket

X   **BY MAIL**   I caused such envelope(s) with First class postage thereon fully prepaid to be placed in the U.S. Mail in Las Vegas, Nevada, addressed to Plaintiff's address on file with the Court.

___   **BY ELECTRONIC SERVICE**

/s/Diane Welch
An employee of the Office of General Counsel
College of Southern Nevada, Las Vegas