```
                                            FILED         RECEIVED
                                    ____    ENTERED  ____ SERVED ON
                                            COUNSEL/PARTIES OF RECORD

                                           NOV 14 2016

                                          CLERK US DISTRICT COURT
                                            DISTRICT OF NEVADA
                                    BY:_____DEPUTY
```

Joyce Zaic
P.O. Box 570572
Las Vegas, NV, 89157
*In Proper Person*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE ZAIC, | Case No.: 2:14-cv-00892-RFB-PAL |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANTIONS.** |
| v. | |
| MICHAEL GIDDENS, an individual, TIMOTHY WALL, an individual, and Defendant John Does 1 through 5, | |
| Defendants. | |

**Exhibit 1**: Declaration, 28 U.S.C. §1746

**Exhibit 2**: Post office return receipts

**Exhibit 3**: Plaintiff's notice of deposition to Defendants

    Plaintiff, JOYCE ZAIC, appearing *in proper person*, submits this opposition to Defendants' pending "motion for sanctions (hereinafter "Motion")". Defendants' motion has several threshold defects that require that it be DENIED as discussed more fully below.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. **INTRODUCTION**

    In a brazen attempt to get its clients case dismissed, Attorney Diane Welch, has filed a meritless Motion for sanctions against me, pursuant to Fed. R. Civ. P. 26 and 37, Local Rule 4-

1

1(c) and (d), and 28 U.S.C. §1927 (ECF 55). Attorney Welch wrongfully bases the Motion around me not following the Judges 8/23/16 discovery order (ECF 46).

> "**ORDERED** *discovery shall reopen for 60 days until October 24, 2016. Written discovery must be propounded by September 6, 2016 and responded to by September 20, 2016. Each side will be permitted four depositions. All depositions must be noticed by September 30, 2016 and scheduled to be completed within the discovery period..."*

I oppose Attorney Welch's Motion 100%. I **never** disobeyed the Judges order. I propounded my written discovery by September 6, 2016 and responded by September 20th, 2016, and I filed my Notice of Depositions by September 30th, 2016. Attorney Welch's Motion is frivolous, without merit, and should be DENIED.

Defendants' Motion does not meet its **"Meet and Confer" Requirements of Fed. R. Civ. P 37 and LR 26-7, and LR IA 1-3(f).**

In addition, Attorney Welch's Motion does not meet the certification requirement as required by *Fed. R. Civ. P. 37(a)(1)*.

Furthermore, Attorney Welch, "never" filed her own Notice of depositions prior to 9/30/2016, per Judges discovery order (ECF 46).

Attorney Welch can't file a Sanction Motion for sanctions if **I did** follow the Judges discovery order.

Attorney Welch's meritless Motion is clogging up the Judges calendar with discovery issues that could had easily been resolved with a simple "Meet and Confer", per the rules.

Attorney Welch, is just bullying me because I'm a *Pro Se* litigant. Her sucker punch vindictive and meritless Motion includes an abundance of repeated red herrings, twisted facts, and previously settled motion disputes that the Judge already gave his orders in past Court

hearings and, decided in my favor; so now Attorney Welch is retaliating by filing baseless unnecessary motions while clogging up the Judges Court calendar and email box.

## 2. BACKGROUND

My lawsuit stems from Defendants' illegally arresting me on an illegal bench warrant issued for failure to appear before the Court to Show Cause concerning an internet blog I made about the federally funded State College where I once was an online student.

Defendants'(College Police Officers) do not want anybody blogging about the College, so they drove to my house, broke down my front door, forced their way into my house, and arrested me by placing handcuffs on me behind my back, and taking me to jail.

The basis for my complaint is that Defendants', acting under color of law, "deprived me of my right to be free of unreasonable arrest and willful destruction of property, in violation of the Fourth and Fourteen Amendments to the constitution of the United States and 42. U.S.C. §1983" during the unlawful arrest.

## 3. RELEVANT FACTS

1. **(Exhibit 1)** Declaration in support of my Opposition to Defendants Motion.
2. Defendants' Motion does not meet its **"Meet and Confer" Requirements of Fed. R. Civ. P 37 and LR 26-7(c), and LR IA 1-3(f), nor the certification requirement.**

> *Fed. R. Civ. P. 37(a)(1) provides in pertinent part: "...The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.*
> *(The Motion is missing the certification.)*

> *LR IA 26-7(c) Discover Motions. Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request*

> *LR IA 1-3(f). Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. **The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.***

3. Defendants' counsel has failed to certify that a good faith meet-and-confer was conducted prior to the filing of the Motion. The Certification is missing altogether.

4. The basis of Defendants' Motion for sanctions is that she objects to my written discovery answers even though she admits in her Motion that I answered them all on schedule - Requests for Admission, Interrogatories, Requests for Productions, and my filed Notice of Depositions. Yet, Attorney Welch never filed a Motion to Compel my written discovery and she never requested a "Meet and Confer" to discuss her objections. She just hurried up and rushed out and filed a Motion for sanctions.

5. I propounded my written discovery by 9/6/2016 and responded to Defendants' discovery requests by 9/20/2016 and I filed my Notice of depositions by 9/30 2016 all per the Judges 8/23/2016 discovery order (EFC 46). **(exhibit 2- Post office return receipts)**

6. Attorney Welch can't file a Motion for sanctions for something that **I did correctly**.

7. Just because Defendants' attorney doesn't like my answers, is not a reason to file a Motion for sanctions. The rules (FRCP 37, Local Rules 26-7(c), and Local Rule 1-3(f) say that we have to "Meet and Confer" with a two way conversation about the discovery issues. However, Defendants' attorney never requested a 2 way meeting to "Meet and Confer" about the discovery issues.

8. The Defendants' counsel did not before and still has not made any contact whatsoever to meet and confer in compliance with Fed. R. Civ. P 37 and LR 26-7, and LR IA 1-3(f).

4

9. Attorney Welch HAS NEVER ATTEMPTED to contact me, either by telephone, verbally or in writing to request a "Meet and Confer" about the discovery issue prior to her filing her Motion for Sanctions. Apparently attorney Welch claims she sent a brief short letter about her objection to my request for productions and my Interrogatory answers, but none of which requested a Meet and Confer. She just objected, but she never requested a meeting to discuss her objections.

10. Attorney Welch's 10/14/2014 letter cannot be considered a meet and confer as required by FRCP 37 and LR 26-7 and LR IA 1-3(f) requiring a 2 way discussion. That letter is a one way conclusion of her rejecting my answers – It's not meet and confer request.

11. Attorney Welch also asserts in her 10/14/2016 letter that she informed me that she would be filing a Motion to Compel. Where is this Motion to Compel? She never filed a Motion to Compel, nor did she attempt to Meet and Confer prior to filing her Motion for sanctions. She simply hurried and rushed to file her motion for sanctions on 10/27/2016.

*12.* Attorney Welch never filed her own Notice of Depositions with the Court.
So if Defendants' attorney never filed her own Notice of depositions, then I can't possibly show up to a deposition that I was never properly noticed of. The court Dockets do not show any filed Notice of Deposition filed by Defendants counsel. It only shows my own properly filed Notice of depositions. (ECF 51-52) **(Exhibit 3)**

13. All parties are supposed to file with the Court all served court documents per the FRCP 5.

> **FRCP 5(d)** *Required Filings; Certificate of Service. Any paper after the complaint that is required to be served—together with a certificate of service—<u>must be filed within a reasonable time after service</u>…"*

*14.* Further, attorney Welch is trying to poison my case by disobeying the Court rules and illegally disclosing my written discovery while she vindictively filed all my discovery

5

answers along with her retaliatory Motion. The FRCP 5(d) says; ***"the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents…"***

15. During the 8/17/16 Court hearing, the Judge made sure Defendants' attorney, Diane Welch, had my telephone number and contact information to discuss the case. The Judge read my telephone number out loud in Court so Attorney Welch could write it down. However, attorney Welch states in section 5 of her sworn in affidavit *"Plaintiff has refused to provide her email address or telephone number, and the only avenue available for me to contact her is via correspondence to P.O. Box…"* That's a blunt lie. She has my phone number - Judge Boulware made sure she had it at the 8/17/2016 Court hearing – Judge Boulware gave it to her personally, and it's all recorded inside the transcripts. **It's very disturbing that Attorney Diane Welch would actually commit perjury to the Court and lie in her sworn-in affidavit.**

16. Because Attorney Diane Welch's Sworn-In affidavit and motion is full of an abundance of Red Herrings, twisted facts, and blunt lies, I should be responding with my own counter motion for sanctions against Defendants' Attorney for the meritless sanction motion filed in violation of important procedural requirements.
But I won't, as discovery motions don't help further the case along and, out of respect for the seriousness of this case and, to help unclog the Judges Court calendar and email box.

17. Further, all of the objections to my Discovery that Defendants' counsel raised still remain. A further meet-and-confer may prove helpful to move discovery along.

18. The motion for sanctions should be DENIED.

6

1. **APPLICABLE STANDARDS**

Because Defendants' motion contains a threshold defect, the motion should be DENIED. Defendants' motion does not meet the "meet and confer" requirements of this court. "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). "Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request" LR 26-7(c).

The case law in this District (NEVADA) is clear that "personal consultation" means the movant must "personally engage in two-way communication with the non responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996); see also LR IA 1-4(f). This obligation "promote[s] an open exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully

7

assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, a movant must file a certification that "accurately and specifically convey to the court **who**, **where**, **how**, and **when** the respective parties attempted to personally resolve the discovery dispute." ShuffleMaster, 170 F.R.D. at 170.

## CONCLUSION:

I respectfully requests that Defendant's motion is DENIED and for any further relief proper under the circumstances because the motion contains a threshold defect – The Motion does not meet its **"Meet and Confer" Requirements**.

And, Defendants' attorney should not be awarded fees and costs associated with this frivolous Motion, as the underlying issues could have been easily resolved through either a stipulation or a Meet and Confer to resolve the dispute.

DATED this 14th day of November, 2016

/s/ Joyce Zaic
Joyce Zaic
P.O. Box 570572
Las Vegas, NV, 89157

*In Proper Person*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY on the 14 day of November, 2016, I served the above and foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANTIONS** by electronic email through the court filing system to all parties in interest as follows:

DIANE L. WELCH, Esq.
Office of General Counsel
Charleston Campus
Sort Code WCE310
6375 W. Charleston Blvd.
Las Vegas, NV. 89146-1164

Dated this 14$^h$ day of November, 2016.

/s/ Joyce Zaic
Joyce Zaic
P.O. Box 570572
Las Vegas, NV. 89157

*In Proper Person*

# Exhibit 1 - Declaration

Joyce Zaic
P.O. Box 570572
Las Vegas, NV, 89157
*In Proper Person*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE ZAIC,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL GIDDENS, an individual,<br>TIMOTHY WALL, an individual,<br>and Defendant  John Does 1<br>through 5,<br><br>        Defendants. | Case No.: 2:14-cv-00892-RFB-PAL<br><br>**DECLARATION OF PLAINTIFF IN SUPPORT OF HER OPPOSITION TO DEFENDANTS MOTION FOR SANCTIONS.** |

I, Joyce Zaic, pursuant to Federal Rules of Civil Procedure U.S.C. §1746, hereby declare:

1. I am the Plaintiff in this case. I am representing myself, *In Proper Person*, without an attorney.

2. I have personal knowledge of the facts stated in this Declaration and with the proceedings in this case and, if I am called to testify in a court of law, I could and would testify competently thereto.

3. I submit this Declaration in support of my Opposition to Defendants Motion for Sanctions.

4. The Defendants' counsel did not before and still has not made any contact whatsoever to meet and confer with me in compliance with **Fed. R. Civ. P 37** and **LR 26-7**, and **LR IA 1-3(f)**.

1

5. I propounded my written discovery by 9/6/2016 and responded to Defendants' discovery requests by 9/20/2016 and I filed my Notice of depositions by 9/30 2016 all per the Judges 8/23/2016 discovery order (EFC 46).(**exhibit 2- Post office return receipts**)

6. I followed the Judges 8/23/2016 discovery order (ECF 46). Attorney.

7. Welch can't file a Motion for Sanctions if **I did** follow the Judges discovery order.

8. Attorney Welch HAS NEVER ATTEMPTED to contact me, either by telephone, verbally or in writing to request a "Meet and Confer" about the discovery issue prior to her filing her Motion for Sanctions. Apparently attorney Welch sent a brief short letter about her objection to my request for productions and my Interrogatory answers, but none of the letters request a Meet and Confer, and attorney Welch also says in her affidavit that I didn't read the letters before she filed her Motion for Sanction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Joyce Zaic

Dated this 14th day of November, 2016.

# Exhibit 2

Post office return receipts

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

DIANE L. WELCH, Esq.
Office of General Counsel
Charleston Campus
Sort Code WCE310
6375 W. Charleston Blvd.
Las Vegas, NV. 89146-1164

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name): Rene Dues
C. Date of Delivery: 9/26/16

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7016 0600 0000 5362 5247

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



# Exhibit 3

Plaintiff's filed notice of deposition to defendants

| | | | |
|---|---|---|---|
| 37 | Filed & Entered: | 11/23/2015 | Status Report |
| 38 | Filed & Entered: | 02/11/2016 | Motion for Summary Judgment |
| 39 | Filed & Entered: | 02/11/2016 | Klingele Minute Order |
| 40 | Filed & Entered: Terminated: | 02/25/2016 08/17/2016 | Motion for Leave to File |
| 41 | Filed & Entered: | 02/25/2016 | Response to Motion |
| 42 | Filed & Entered: | 03/11/2016 | Reply to Response to Motion |
| 43 | Filed & Entered: | 07/20/2016 | Minute Order Setting Hearing on Motion |
| 44 | Filed: Entered: Terminated: | 08/12/2016 08/16/2016 08/17/2016 | Motion to Continue District Judge Hearing |
| 45 | Filed & Entered: | 08/16/2016 | Response to Motion |
| 47 | Filed: Entered: | 08/17/2016 08/24/2016 | Order on Motion for Leave to File |
| 46 | Filed: Entered: | 08/23/2016 08/24/2016 | Order on Motion to Dismiss |
| 48 | Filed & Entered: | 08/30/2016 | Objections re LR IB 3-1 or Motion for District Judge to Reconsider Order |
| 49 | Filed: Entered: | 09/16/2016 09/19/2016 | Response to Motion |
| 50 | Filed & Entered: | 09/26/2016 | Reply to Response to Motion |
| 51 | Filed & Entered: | 09/30/2016 | Notice (Other) |
| 52 | Filed & Entered: | 09/30/2016 | Notice (Other) |
| 53 | Filed: Entered: | 10/18/2016 10/19/2016 | Ex Parte Motion |
| 54 | Filed & Entered: | 10/19/2016 | Response to Motion |
| 55 | Filed & Entered: | 10/27/2016 | Motion for Sanctions re Discovery |

Plaintiff's notice of depositions. Documents 51, and 52.