RICHARD L. HINCKLEY, ESQ.
Nevada Bar No. 1884
DIANE L. WELCH, ESQ.
Nevada Bar No. 11738
COLLEGE OF SOUTHERN NEVADA
OFFICE OF GENERAL COUNSEL
6375 W. Charleston Ave., (W32E)
Las Vegas, Nevada 89146
Telephone:  (702) 651-7488
Facsimile:  (702) 651-7464
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE ZAIC, | Case No. 2:14-cv-00892-RFB-PAL |
| Plaintiff, | |
| vs. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** |
| MICHAEL GIDDENS, an individual, T. WALL, an individual, and Defendant John Does 1 through 5, | |
| Defendants. | |

COME NOW DEFENDANTS, MICHAEL GIDDENS and TIMOTHY WALL ("Defendants"), by and through their undersigned counsel, and hereby file this Reply in Support of Defendants' Motion for Sanctions for Plaintiff's failure to obey the Court's Order dated August 23, 2016, regarding discovery (ECF No. 46), and as provided for under the Federal Rules of Civil Procedure.  The motion is brought pursuant to Federal Rules 26 and 37, Local Rule 4-1(c)&(d), 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions.  This Reply is supported by the following Points and Authorities, the papers and pleadings on file herein, and any oral argument this Court may require.

/ / /

/ / /

/ / /

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

## POINTS AND AUTHORITIES

### I.  BACKGROUND FACTS

Defendants arrested Plaintiff on June 8, 2012, pursuant to an arrest warrant issued by the Las Vegas Justice Court for Plaintiff's violations of a protective order in place as the result of Plaintiff's continued harassment of CSN employees.  This harassment included shrieking vile racial epithets at her victims over the telephone, and making threats and slanderous comments delivered by mail and posted on her internet blog. (ECF No. 32, pg. 3) Plaintiff filed this law suit on the last date of the applicable statute of limitations, claiming violation of her civil rights by Defendants when they arrested her as she attempted to flee from the lawful arrest.

Defendants incorporate the facts, law and argument contained in their Motion for Sanctions (ECF No. 55) as if fully restated herein. Plaintiff's outright lies in her Opposition give additional and compelling reasons for the Court to impose the sanction of dismissal.  Her fabrications are belied by the Court's own record, including her conversations in open Court with Judge Boulware, and are further refuted by the U.S. Post Office returning unclaimed mail sent to Plaintiff's P.O. Box by counsel for Defendants.  Thus far the Post Office has returned five items, including the instant Motion for Sanctions, Defendants' Opposition to Plaintiff's request to stay discovery, and several letters including Counsel's attempts to communicate with Plaintiff regarding discovery. Dismissal of her case as a sanction is appropriate and in accordance with the Court's Order (ECF No. 46).

### II. ARGUMENT

The Court's authority to dismiss this case as a sanction for Plaintiff's failure to engage in discovery and ignoring this Court's orders is firmly supported by Federal Rules of Civil Procedure and Ninth Circuit case law.

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

Federal Rule 37(d) allows the court to impose sanctions, including dismissal, for a party's failure to respond to discovery requests. Fed. R. Civ. P. 37(d)(1)(A) & (d)(3). "Dismissal as a sanction for failure to respond to discovery requests is authorized only in extreme circumstances and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996), *as cited by* Crockett v. City of Torrance, No. CV 10-5857-DOC (SP), 2012 U.S. Dist. LEXIS 184721, at *9, (C.D. Cal. Nov. 21, 2012), *adopted by* 2013 U.S. Dist. LEXIS 7356 (C.D. Cal. Jan. 11, 2013). Disobedient conduct which is not "outside the control of the litigant is all that is required to demonstrate wilfullness, bad faith, or fault." Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993), *as cited by* Crockett at *9.

Crockett was a Section 1983 case against City of Torrance police officers, and is closely analogous to this case. While the case is not controlling, the similar facts involved and the Ninth Circuit case law as applied in the case are instructive. In Crockett, the Court dismissed the case for the *pro se* plaintiff's failure to engage in discovery without justification or excuse after repeated warnings from the Court. In the words of the Court, this "constitutes one of the rare circumstances in which dismissal is the appropriate sanction." Crockett at *10. The plaintiff's failure to participate in discovery was viewed as a "lack of intent to prosecute this action at all." Id.

Under Rule 41(b), a Court's authority to dismiss for a party's failure to prosecute or to comply with court orders, is "necessary to prevent undue delays in the disposition of pending cases." Fed. R. Civ. P. 41(b), Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386 (1962), Pagtalunan v. Galaza, 291 F 3d 639, 642 (9th Cir. 2002), Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss an action for failure to comply with any order of the court), *as cited by* Crockett at *11.

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

Sanctions may be imposed on a *pro se* litigant.  <u>Wages v. IRS</u>, 915 F.2d 1230, 1235-36 (9th Cir. 1990).  Although the Court must construe pleadings by *pro se* litigants liberally, "pro se litigants are bound by the rules of procedure."  <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995).

### A.   The <u>Carey v. King</u> Factors Weigh in Favor of Dismissal.

The Ninth Circuit requires the District Court to consider the following factors in determining whether to dismiss a *pro se* plaintiff's action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket: (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988). Here as in <u>Crockett</u>, all five factors favor dismissal.

**Factors 1 & 2:**  Plaintiff's failure to comply with her discovery obligations, not responding to repeated attempts by Defendants' counsel to communicate regarding discovery, and her defiance of this Court's Orders regarding discovery, work to obstruct the discovery process and prevent this case from moving forward.  Just as in <u>Crockett</u>, this has caused the case to "languish" and "impermissibly allowing plaintiff to control the pace of the docket rather than the court." <u>Crockett</u>, at *12-13.  Plaintiff's noncompliance has impacted the Court's ability to manage its docket due to her routine noncompliance, effectively stalling discovery.

The Court provided specific dates and deadlines which Plaintiff completely ignored, and provided only sham arguments and excuses for her non-compliance.  Just as in <u>Crockett</u>, the result is that the first and second factors weigh in favor of dismissal.

**Factor 3:**  Plaintiff has prejudiced the Defendants by refusing to respond to their discovery requests, by ignoring communications from counsel, by failing to appear for her deposition, and

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave, Sort Code W32E
Las Vegas, NV 89146

by ignoring the Court's Orders. The Ninth Circuit recognizes that "unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) *cited by* Crockett at \*14.  The underlying facts of this case began well-before Plaintiff's arrest on June 8, 2012.  Pivotal witnesses have moved out of state, and memories have certainly faded regarding the events that occurred more than four years ago.  Given the facts and applicable law, prejudice to the Defendants is presumed, and Plaintiff has no good excuse to overcome that presumption.  This factor weighs in favor of dismissal.

In the Ninth Circuit, the public policy of resolving disputes on the merits can be outweighed by a *pro se* plaintiff's failure to engage in discovery, failure to answer Defendants' discovery requests, failure to appear for her deposition, and defiance of the Court's Order regarding discovery.  Crockett at \*14.  "A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action." In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal.  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), *cited in* Crockett at \*13.

This case is no farther along than it was years ago.  This is the direct result of Plaintiff's bad conduct before this Court. Plaintiff did not engage in the discovery first ordered by the Court on September 16, 2015 (ECF No. 31).  She then turned around and used that lack of discovery as an excuse for her inability to respond to Defendants' dispositive motions filed on February 11, 2016. (ECF No. 41, pg. 4) The Court offered Plaintiff a second chance and ordered her to engage in discovery a second time in its August 23, 2016 Order.  Yet, Plaintiff failed to comply and her intentional actions prevent the fair process of litigation from moving forward.

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

Her bad conduct and lack of good faith is demonstrated by ignoring counsel's mail delivered to her P.O. Box, which is the only avenue available to communicate with her.  Not only did Plaintiff ignore the mailings as discussed below, but she never retrieved Defendants' Opposition to Plaintiff's Expedited Ex Parte Motion to Stay Discovery and Depositions (returned by the Post Office to counsel as "unclaimed" on 11/11/16).  (Ex. 4)[1]  Neither did she pick up the service copy of Defendants' Motion for Sanctions, which was returned by the Post Office as "unclaimed" on 11/14/16. (Ex 5)[2]

Plaintiff has made serious allegations against the Defendants. Yet her actions make it impossible for Defendants to defend themselves against her claims.  Plaintiff refuses to provide Defendants with her telephone number or email address, and when Judge Boulware pressed her to provide this information to the Court, she declined.  Plaintiff then neglected to pick up mail and other documents sent to the mailing address she confirmed with the Court at the August 17, 2016 hearing.  Her actions work nothing other than to delay, disregard Court orders, and fabricate lies.  This abuse of the process must stop.  The Court must no longer turn a blind eye to the increasing mountain of evidence of Plaintiff's lack of good faith, her lies and misrepresentations to the Court, and the absence of any diligence to pursue her case. The opinion of the Ninth Circuit in similar situations is clear, and this factor weighs heavily in favor of dismissal.

**Factor 4:**  Plaintiff has a responsibility to move her case forward toward disposition and to avoid dilatory and evasive tactics.  Crockett at *14, citing Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has unnecessarily delayed this case by not engaging in

---

[1] Only the first page of the service copy of this document is included.  The filed document is found at ECF No. 54
[2] Only the first page of the service copy of this document is included.  The filed document is found at ECF No. 55

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

discovery or responding to counsel's attempts to resolve discovery issues. She has not discharged her responsibility to prosecute this case as required. These circumstances outweigh the public policy favoring resolution of disputes on the merits.

**Factor 5:** This factor considers the availability of less drastic sanctions. The Court has given Plaintiff multiple opportunities to conduct discovery and she has ignored them all. Judge Boulware warned her at the August 17, 2016 hearing that she must engage in discovery in good faith. He provided Plaintiff with specific direction on how to accomplish this by conducting depositions, propounding and answering written discovery. Still Plaintiff has failed to comply. In fact, she made no real attempt to engage at all. Plaintiff never even retrieved Defendants' correspondence and papers from her mailbox. In light of her record, lesser sanctions would be ineffective. This factor weighs in favor of dismissal.

### B. The Substantiated Facts Overwhelming Support Dismissal

Plaintiff is making a mockery of the federal judicial system, the Federal Rules of Civil Procedure, and the authority of this Court. After being allowed a second chance, Plaintiff did not follow the Court's clear direction to participate in discovery. Counsel will refrain from addressing Plaintiff's slanderous statements contained in her motion at this time. Without repeating the long list of deficiencies which are contained in Defendants' Motion, the following lists the substantiated facts exposing Plaintiff's lack of candor to the Court, her delinquent participation in discovery, and lack of prosecution of her case:

**Fact 1:** Plaintiff includes only a *partial* quote of the Court's order, conveniently omitting the admonishment for Plaintiff to act in good faith during discovery under threat of case-dispositive sanctions. The full quote from the Order reads as follows:

> "IT IS FURTHER ORDERED discovery shall reopen for 60 days until
> October 24, 2016. Written discovery must be propounded by September 6, 2016

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

and responded to by September 20, 2016. Each side will be permitted four depositions. All depositions must be noticed by September 30, 2016 and scheduled to be completed within the discovery period. All depositions must take place in Las Vegas, Nevada. **If Plaintiff does not properly engage in discovery in good faith the Court may issue case-dispositive sanctions.** Dispositive motions must be filed no later than October 31, 2016." (ECF 46, Pg. 10, ll. 13-19, **emphasis added**)

**Fact 2:** The parties engaged in the required 'meet and confer' regarding discovery issues during two telephone conversations on October 18, 2016. Plaintiff is well-aware that the purpose of these conversations was to discuss discovery matters, because she initiated the call to request a stipulation to stay discovery.[3] As set out in counsel's Affidavit ("certification"), the parties discussed deposition schedules, the deficiencies in Plaintiff's deposition notices, and Defendants' objections to Plaintiff's deficient responses to discovery requests. (ECF 55, Ex. 3, pg. 3) Plaintiff attempts to rewrite history in her Opposition.

**Fact 3:** Plaintiff improperly filed her deposition notices and seeks to require Defendants to commit the same error. Her failure to properly serve the deposition notices is but one of numerous deficiencies contained in the notices. Counsel sent Plaintiff a letter dated October 6, 2016 to notify her of the deficiencies and to schedule a mutually agreeable date for the depositions. Plaintiff never retrieved this letter from her P.O. Box, as evidenced by the Post Office returning the letter to counsel as "unclaimed" on 11/5/16.[4] (Ex. 1)

**Fact 4:** Plaintiff failed to appear for her deposition. Defendants properly served Plaintiff with notice of her deposition via U.S. Mail with delivery confirmation. Plaintiff acknowledged receipt of the Notice during the October 18, 2016 phone call when she requested counsel agree to a stay to relieve her from attending, and again in her last-minute motion to stay

---

[3] Counsel for Defendants is unable to initiate phone calls to Plaintiff because she refuses to provide her telephone number. On the rare occasions when Plaintiff has called counsel, it is from a blocked phone number.
[4] In the Motion for Sanctions, Defendants provided proof of delivery for the exhibits contained herein.

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave, Sort Code W32E
Las Vegas, NV 89146

discovery (ECF No. 53). Plaintiff's failure to appear resulted in a cost to Defendants for counsel's unnecessary time and expense to prepare and appear.

**Fact 5:** Plaintiff claims she propounded her discovery requests by the 9/6/2016 deadline. (Opp, ECF No. 56 at para. 5). This is untrue as evidenced by the Request for Production of Documents sent to Defendants on September 21, 2016, fifteen days after the Court's deadline for propounding written discovery. (ECF 55, Ex. 1) Plaintiff was informed of Defendants' objection to these untimely discovery requests by letter dated October 11, 2016, and again during the October 18, 2016 telephone call. Despite counsel informing her that the letter was waiting in her P.O. Box (based on the USPS delivery confirmation), Plaintiff did not retrieve it and the Post Office returned the letter to counsel on 11/05/16 as "unclaimed" (Ex. 2).

**Fact 6:** Plaintiff claims counsel merely did not like her answers to Defendants' discovery requests. Had she bothered to read counsel's detailed letter dated October 13, 2016, she would understand the legal objections Defendants have to her responses. During the October 18, 2016 phone call, Plaintiff was informed that this letter was delivered to her P.O. Box for pick up. Yet, she never retrieved it as evidenced by the Post Office returning the letter to counsel as "unclaimed" on 11/05/16 (Ex. 3)

**Fact 7:** Plaintiff also complains that counsel never attempted to contact her by phone, verbally or in writing to conduct the required 'meet and confer.' <u>This is a bald faced lie</u> as the attached exhibits demonstrate. Plaintiff includes no phone number or email address on her Court

/ / /

/ / /

/ / /

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

filings as required by the Court's Local Rules.[5]  Plaintiff entirely misrepresents the exchange with Judge Boulware during the August 17, 2016 hearing, when the Judge confirmed Plaintiff's mailing address, and asked if she would provide an email address or phone number.  Plaintiff responded, "not at this time."  She has never provided any contact information to the Court or counsel except for her P.O. Box, from which she refuses to retrieve her mail. The Court's verification of Plaintiff's mailing address during the hearing was prompted by Plaintiff's false claims of not receiving (retrieving) Defendants' correspondence or discovery requests prior to the hearing.

**Fact 8:**  Plaintiff's unsworn Declaration contains statements that counsel has never attempted to contact her as required to 'meet and confer' over discovery issues.  These falsehoods are exposed by her own actions, the Court record, and the return of counsel's letters by the Post Office.

## III.  CONCLUSION

Dealing with Plaintiff in this matter is hampered by the lack of required contact information and Plaintiff's willingness to lie about factual and procedural matters.  Defendants have gone above and beyond to fairly litigate this case, but Plaintiff has thwarted those attempts

---

[5] This is a violation of LR 10-2, which states as follows:

**CAPTION, TITLE OF COURT, AND NAME OF CASE.**

**The following information shall be stated upon the first page of every paper presented for filing single- spaced:**

(a)  The name, address, telephone number, fax number, e-mail address and Nevada State Bar number, if any, of the attorney and any associated attorney filing the paper, whether such attorney appears for the plaintiff, defendant or other party, **or the name, address and telephone number of a party appearing in *pro se*. This information shall be set forth in the space to the left of center of the page beginning at the top of the first page. The space to the right of center shall be reserved for the filing marks of the Clerk.**

at every possible turn.  This works a material injustice against the Defendants.  Defendants request the Court will follow through on the actions stated in its 8/23/16 Order and dismiss Plaintiff's complaint for failure to participate in discovery, for violating the Federal Rules of Civil Procedure, for disregarding this Court's Orders, and for her blatant dishonesty to the Court.

Dismissal of Plaintiff's Amended Complaint with prejudice is appropriate under Federal Rules 26(g), 37(d), 41(b), 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions.

Respectfully submitted this 22nd day of November, 2016.

/s/ Diane L. Welch
DIANE L. WELCH
Nevada Bar No. 11738
COLLEGE OF SOUTHERN NEVADA
OFFICE OF GENERAL COUNSEL
6375 W. Charleston Ave., (WCE310)
Las Vegas, Nevada  89146
Telephone:  (702) 651-7488
Facsimile:  (702) 651-7464
*Attorney for Defendants GIDDENS and WALL*

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

11

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave., Sort Code W32E
Las Vegas, NV 89146

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of General Counsel for the College of Southern Nevada, located at 6375 W. Charleston Blvd. (WCE310), Las Vegas, Nevada 89146, I am over the age of 18 years, and I am not a party to the within cause. I further certify that on November 22, 2016, I electronically transmitted the attached **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** to the U.S. District Court, District of Nevada, Clerk's Office using the CM/ECF System for filing, and I served a true and correct copy by depositing in the United States mail, postage prepaid, addressed to Plaintiff as follows:

Joyce Zaic
P.O. Box 570572
Las Vegas, NV 89157
*Pro per Plaintiff*

Joyce Zaic:  no email listed on the docket

X  **BY MAIL**     I caused such envelope(s) with First class postage thereon fully prepaid to be placed in the U.S. Mail in Las Vegas, Nevada, addressed to Plaintiff's address on file with the Court.

___  **BY ELECTRONIC SERVICE**


/s/ Stephanie Knoblach
An employee of the Office of General Counsel
College of Southern Nevada, Las Vegas

# EXHIBIT 1



**Office of General Counsel**
**Charleston Campus**
Sort Code WCE310
6375 West Charleston Boulevard
Las Vegas, NV 89146-1164

702.651.7488
Fax:  702.651.7464

October 6, 2016

Ms. Joyce Zaic
P.O. Box 570572
Las Vegas, NV  89157

Re:   Depositions
      Federal Court Case No. 2:14-cv-00892-RFB-PAL

Ms. Zaic:

I received an electronic copy of your filed deposition notices, and note they contain numerous deficiencies.  I am out of town for meetings on Oct. 24, 2016, and unavailable for the depositions as noticed.  Defendants would be available for depositions on the following dates:

Tuesday, 10/18 from 8:00 a.m. – 12:00 p.m.;
Wednesday, 10/19 from 1:00-5:00 p.m.;
Thursday, 10/20 following your deposition, currently set for 10:00 a.m.;
Friday, 10/21 from 10:00 a.m. – 5:00 p.m.

Diane L. Welch
Assistant General Counsel

*Nevada System of Higher Education*

| Charleston Campus | Cheyenne Campus | Henderson Campus | Academic & Learning Centers |

Office of the General Counsel
Charleston Campus
Sort Code W32E
6375 West Charleston Boulevard
Las Vegas, NV 89146-1164

RETURN SERVICE REQUESTED

CSN
COLLEGE OF SOUTHERN NEVADA

CERTIFIED MAIL

7015 0640 0007 1026 2647

U.S. POSTAGE ⟩⟩ PITNEY BOWES
ZIP 89146 $ 003.76⁵
0001392896 OCT 06 2016



RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

☐ MOVED, LEFT NO ADDRESS
☐ ATTEMPTED - NOT KNOWN
☐ UNCLAIMED  ☐ REFUSED
☐ NO SUCH STREET
☐ NO SUCH NUM.
☐ INSUFFICIENT,
☐ NOT DELIVERA
☐ ADDRESSED UNA
Date
Carrfinit

NIXIE   891  DE 1   0011/05/16

# EXHIBIT 2



**Office of General Counsel**
**Charleston Campus**
Sort Code WCE310
6375 West Charleston Boulevard
Las Vegas, NV 89146-1164

702.651.7488
Fax: 702.651.7464

October 11, 2016

Ms. Joyce Zaic
P.O. Box 570572
Las Vegas, NV 89157

Re:   Plaintiff's Request for Production of Documents
      Federal Court Case No. 2:14-cv-00892-RFB-PAL

Ms. Zaic:

Defendants object to Plaintiff's First Set of Requests for Production that you sent
individually to Defendants Wall and Giddens.  The Court's 8/23/16 Order very clearly states
"Written discovery must be propounded by September 6, 2016 and responded to by September
20, 2016."  (ECF No. 46, pg. 10)

Your Requests were mailed September 18, 2016, and received in my office on September
21, 2016, which is well outside of the Court's deadline.   Defendants object to these untimely
requests and decline to answer.

Diane L. Welch
Assistant General Counsel

*Nevada System of Higher Education*

| Charleston Campus | Cheyenne Campus | Henderson Campus | Academic & Learning Centers |

Office of the General Counsel
Charleston Campus
Sort Code W32E
6375 West Charleston Boulevard
Las Vegas, NV 89146-1164

RETURN SERVICE REQUESTED


CSN
COLLEGE OF
SOUTHERN NEVADA

CERTIFIED MAIL

7015 0640 0007 1026 2654

U.S. POSTAGE >> PITNEY BOWES

ZIP 89146 $ 006.46⁵
02 1W
0001392896 OCT 12 2016

☐ MOVED, LEFT NO ADDRESS
☐ ATTEMPTED - NOT KNOWN
☐ UNCLAIMED ☐ REFUSED
☐ NO SUCH STREET
☐ NO SUCH NUMBE
☐ INSUFFICIENT AD
☐ NOT DELIVERABL
☐ ADDRESSED UNABL

Date _____
Carr/Init _____



NIXIE     891    5 ⁞ 1

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC:  89146113999   *0879-07770-12-38
         0011/05/16

UNC
89 89146-1292

BC:  89146113999

# EXHIBIT 3



**CSN**
COLLEGE OF
SOUTHERN NEVADA

**Office of General Counsel**
**Charleston Campus**
Sort Code WCE310
6375 West Charleston Boulevard
Las Vegas, NV 89146-1164

702.651.7488
Fax:  702.651.7464

October 13, 2016

Ms. Joyce Zaic
P.O. Box 570572
Las Vegas, NV  89157

Re:   Plaintiff's Objections to Discovery Requests
      Federal Court Case No. 2:14-cv-00892-RFB-PAL

Ms. Zaic:

Pursuant to FRCP 37 and LR 26-7, this letter is an attempt to resolve your objections to Defendants' discovery requests without the need for bringing a motion to compel with a request for sanctions and attorney's fees.

On September 2, 2016, Defendants propounded discovery requests on you which included Defendants' First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions.  Your responses to both the Interrogatories and Requests for Production contained objections and your refusal to answer all but a few of the requests.  Your objections are legally deficient as set out below, and you must provide the information requested in Defendants' discovery requests.

Responses to Interrogatories:

Interrogatories and their answers are governed by FRCP 33.  As an initial matter, you must answer the interrogatories under oath as required by the Rule.  Moreover, your objections to the interrogatories are without legal basis or effect.  According to FRCP 26(g)(1)(B), any objection to a discovery request must be "consistent with these rules and warranted by existing law or by a nonfrivolous argument...."  As a result, you must provide the requested information in response to the following specific Interrogatories:

Interrogatory #1 – your objection has no legal basis and you are obligated to answer.  Under FRCP 26(g)(1), every discovery response must be signed by the attorney of record or personally if signed by an unrepresented party, "and must state the signer's address, e-mail address, and telephone number."  Your objection is inconsistent with existing law and court rule, and appears to be asserted for the improper purpose of causing unnecessary delay in these proceedings and to harass the Defendants.

*Nevada System of Higher Education*

| Charleston Campus | Cheyenne Campus | Henderson Campus | Academic & Learning Centers |

Ms. Zaic
10/13/16
Page Two

Interrogatory #2 -  Your objection to this request is directly contrary to the discovery rules and is supported by a frivolous argument without any basis under existing law.

Interrogatory #5 – This objection is nonsensical.  The interrogatory requests a <u>description</u> of documents that form the basis for the allegations in your complaint, not the actual documents (which are requested in Defendants' Request for Production of Documents).

Interrogatory #6 – This objection is nonsensical.  The interrogatory requests a <u>list</u> of individuals in response to the request with no request for documents.  Further, interrogatories may contain subparts as described in FRCP 33(A)(1).

Interrogatory #7 -  Your answer to this Interrogatory is argumentative and unresponsive to this interrogatory.  You must provide the requested information.

Interrogatory #10 -  This is an incomplete response.  The interrogatory requested your employment information for 5 years <u>prior</u> to the incident. Your response provided only from the date of the arrest forward.  You must provide the requested information.

Interrogatory #15 -  The objection is without any legal basis as required by FRCP 26(g)(1)(B).  Whether you have been a party to any other lawsuit is not information subject to the attorney-client privilege and you must provide this information.

<u>Responses to Requests For Production:</u>
Requests for production of documents and their responses are governed by FRCP 34. Objections must have a legal basis and state whether any responsive materials are being withheld on the basis of that objection.  As a result, you must provide the requested documents and information in response to the following specific Requests:

Your responses to Requests numbered 1, 2, 3, 4, 6, 9 10, & 14 contain an improper objection that is without legal basis.  You must provide the requested documents if any exist.

Request #12 -  Your response is nonsensical and unresponsive.  The Request is for W-2's for the 5 years <u>preceding</u> the date of your arrest.  There is no legal basis to object to this request, and you must provide the requested documents.

Diane L. Welch
Assistant General Counsel

*Nevada System of Higher Education*

| Charleston Campus | Cheyenne Campus | Henderson Campus | Academic & Learning Centers |



**Office of the General Counsel**
Charleston Campus
Sort Code W32E
6375 West Charleston Boulevard
Las Vegas, NV 89146-1164

RETURN SERVICE REQUESTED

CSN
COLLEGE OF
SOUTHERN NEVADA

CERTIFIED MAIL

7015 0640 0007 2026 2773

U.S. POSTAGE >> PITNEY BOWES

ZIP 89146 $ 006.46⁵
02 1W
0001392896 OCT 13 2016

VACK1: 9352208345

RETURNED TO SENDER

☐ MOVED, LEFT NO ADDRESS
☐ ATTEMPTED - NOT KNOWN
☐ UNCLAIMED  ☐ REFUSED
☐ NO SUCH STREET
☐ NO SUCH NUM
☐ INSUFFICIENT
☐ NOT DELIVERY
☐ ADDRESSED UNV

Date

NIXIE    891    DE 1    0010 05/16

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 89146113999    *8694-03694-13-40

89157305-1130    UNC

# EXHIBIT 4

1  DIANE L. WELCH, ESQ.
2  Nevada Bar No. 11738
   COLLEGE OF SOUTHERN NEVADA
3  OFFICE OF GENERAL COUNSEL
   6375 W. Charleston Ave., #W32E
4  Las Vegas, Nevada 89146
   Telephone: (702) 651-7488
5  Facsimile: (702) 651-7464
   *Attorney for Defendants*

6

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA

9

10  JOYCE ZAIC,                          Case No. 2:14-cv-00892-RFB-PAL

11              Plaintiff,
    vs.
12
    MICHAEL GIDDENS, an individual,      **DEFENDANTS' OPPOSITION TO**
13  T. WALL, an individual, and Defendant John   **PLAINTIFF'S EXPEDITED EX PARTE**
    Does 1 through 5,                    **MOTION TO STAY DISCOVERY AND**
14                                       **DEPOSITIONS**
              Defendants.
15

16

17         Comes now Defendants MICHAEL GIDDENS and TIMOTHY WALL, by and through

18  their counsel, Diane Welch, Esq., and hereby submit their Opposition to Plaintiff's Expedited

19  Ex Parte Motion to Stay Discovery and Depositions.  This is the **second request** for a stay of

20  discovery in this case, and it is made at the 11th hour. (*See* ECF No. 25.) The Court's 9/23/16

21  Order (ECF No. 46) contains specific discovery and deposition requirements, dates, and

22  deadlines, which were set by the Court following much discussion at the hearing of Defendants'

24  dispositive motions on August 17, 2016.

25         As set out below, Defendants request the Court deny Plaintiff's Motion to Stay

26  Discovery and Depositions based on the attached Points and Authorities, the papers and

27  pleadings on file herein, and any oral argument the Court may allow.

28

                                       1

Office of General Counsel
College of Southern Nevada
6375 W. Charleston Ave, Sort Code W32E
Las Vegas, NV 89146



# EXHIBIT 5

RICHARD L. HINCKLEY, ESQ.
Nevada Bar No. 1884
DIANE L. WELCH, ESQ.
Nevada Bar No. 11738
COLLEGE OF SOUTHERN NEVADA
OFFICE OF GENERAL COUNSEL
6375 W. Charleston Ave., (W32E)
Las Vegas, Nevada 89146
Telephone: (702) 651-7488
Facsimile: (702) 651-7464
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOYCE ZAIC, | Case No. 2:14-cv-00892-RFB-PAL |
| Plaintiff, | |
| vs. | |
| | **MOTION FOR SANCTIONS** |
| MICHAEL GIDDENS, an individual, T. WALL, an individual, and Defendant John Does 1 through 5, | |
| Defendants. | |

COME NOW DEFENDANTS, MICHAEL GIDDENS and TIMOTHY WALL ("Defendants"), by and through their undersigned counsel, and hereby move for sanctions against Plaintiff in the form of full dismissal of this matter with prejudice, for Plaintiff's failure to obey the Court's Order dated August 23, 2016 (ECF No. 46), and as provided for under the Federal Rules of Civil Procedure. This motion is brought pursuant to Federal Rules 26 and 37, Local Rule 4-1(c)&(d), 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions. This motion is further supported by the following Points and Authorities, the papers and pleadings on file herein, and any oral argument this Court may require.

///

///

///

1



RETURN SERVICE REQUESTED

Office of the General Counsel
Charleston Campus
Sort Code W2JE
6375 West Charleston Boulevard
Las Vegas, NV 89146-1164

CSN
COLLEGE OF
SOUTHERN NEVADA

Rec'd by
return mail 11/5/16

10/23

7016 0640 0007 1026 2665

US POSTAGE PITNEY BOWES

$009.75°