# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOYCE ZAIC, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL GIDDENS, an individual, and TIMOTHY WALL, an individual, <br><br> Defendants. | Case No. 2:14-cv-00892-APG-PAL <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS** <br><br> (ECF No. 55) <br><br> **ORDER DENYING AS MOOT ZAIC'S MOTION TO STAY DISCOVERY** <br><br> (ECF No. 53) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION** <br><br> (ECF No. 48) |

Plaintiff Joyce Zaic sued College of Southern Nevada police officers Michael Giddens and Timothy Wall for Fourth and Fourteenth Amendment violations arising from her 2012 arrest. The defendants move for case-ending sanctions based on Zaic's failure to comply with the court's discovery timeline. Zaic moves to stay discovery. In the alternative, the defendants move for reconsideration of Judge Boulware's order granting in part and denying in part their motion to dismiss and denying their motion for summary judgment.

I find that Zaic did not comply with the discovery process in good faith, despite a warning from Judge Boulware that failure to do so could result in dismissal of the case. I therefore grant the defendants' motion for case-dispositive sanctions. I deny Zaic's motion to stay discovery as moot. To correct the record regarding a point of law in the prior order, I grant in part and deny in part the defendants' motion for reconsideration.

/ / / /

## I. BACKGROUND

I adopt the factual and procedural background described by Judge Boulware in his prior order. ECF No. 46. In that order, Judge Boulware wrote,

> discovery shall reopen for 60 days until October 24, 2016. Written discovery must be propounded by September 6, 2016 and responded to by September 20, 2016. . . . All depositions must be noticed by September 30, 2016 and scheduled to be completed within the discovery period. . . . If Plaintiff does not properly engage in discovery in good faith the Court may issue case-dispositive sanctions.

*Id.* at 10.

## II. DEFENDANTS' MOTION FOR SANCTIONS

The defendants move to dismiss the case because Zaic failed to comply with Judge Boulware's discovery order. "If a party . . . fails to obey an order to provide . . . discovery, . . . the court . . . may . . . (v) dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(C).

The defendants contend that despite Judge Boulware's warnings, Zaic failed to engage in good faith in the discovery process that Judge Boulware laid out. Zaic refused to consent to be contacted by the defendants' counsel by telephone or email, instead requiring that discovery communications be sent to a post office box that she designated for this case. ECF No. 57 at 6. Zaic then neglected to pick up at least five documents from that box, which caused the documents to be returned as "undeliverable." *Id.* at 2. Zaic failed to appear at her scheduled deposition, and she never told the defendants she would not attend or was unavailable. ECF No. 55 at 4. Because of Zaic's dilatory tactics, the 60-day discovery period elapsed with important issues unresolved. *Id.* at 5.

Judge Boulware held a hearing on January 26, 2017 on all three motions at issue in this order, but recused himself before he could issue a decision. As to the failure to pick up the

documents the defendants sent, Zaic vacillated as to whether she had picked up the documents,[1] but concluded that it was unimportant because she could access them through PACER. Judge Boulware responded that many documents are not filed in PACER, which Zaic should have known given her over two years of experience in this lawsuit. Asked why she failed to attend her scheduled deposition, Zaic stated she wanted discovery put on hold while the court considered the defendants' motion for reconsideration. Judge Boulware responded that Zaic was not entitled to unilaterally stay discovery without an order from the court, which he had not issued.

I agree with Judge Boulware that Zaic's explanations for her conduct in the discovery process are inadequate. This is especially true given that Zaic was put on notice to comply with Judge Boulware's discovery timeline in good faith because of her earlier failures to comply with discovery rules. Judge Boulware also notified Zaic that he would likely dismiss the case if she did not comply. I therefore find that dismissal is just and appropriate under Rule 37(b)(2)(C).

### III. ZAIC'S MOTION TO STAY DISCOVERY

Because I grant the defendants' motion for case-dispositive sanctions, Zaic's motion to stay discovery is moot.

### IV. DEFENDANTS' MOTION FOR RECONSIDERATION

The defendants move for reconsideration of Judge Boulware's order granting in part and denying in part their motion to dismiss and denying their motion for summary judgment. In their motion for reconsideration, the defendants argue first that the order wrongly discusses the conduct of an unknown defendant "Officer Higgins" who lied that he had served Zaic with the order to show cause when he had not. Second, they argue Zaic's complaint does not describe "judicial deception," so it was inappropriate for the court to introduce the allegation as grounds for stripping defendant Giddens of qualified immunity. Third, the defendants argue that the order misconstrues Nevada law to hold that officers may break down a door only during a felony

---

[1] The defendants provided time-stamped copies of the correspondence, marked "return to sender." ECF No. 57 at 15.

arrest, whereas the law actually says the felony limitation applies only to "private persons," not officers.

From the overall opinion, it is clear that the name "Higgins" in the order was a typographical error that should have read "Giddens," who is a defendant in the case and who Zaic alleges committed the conduct described. Also, Zaic's allegations that Giddens lied about serving her, which robbed her of the opportunity to show cause why she was not in violation of the restraining order against her, describes judicial deception. *See Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991) (stating that "if an officer submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth . . . he cannot be said to have acted in an objectively reasonable manner, and the shield of qualified immunity is lost").

The defendants are, however, correct that Nevada law permits an officer to break open a door or window to make an arrest "in all cases." Nev. Rev. Stat. 171.138. I therefore grant the motion for reconsideration on the limited question of law that the statute was not grounds for removing Wall's qualified immunity. I do not decide whether Wall would have had the benefit of qualified immunity if this case had moved forward.

V. **CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion for sanctions **(ECF No. 55) is GRANTED**. The case is dismissed without prejudice.

IT IS FURTHER ORDERED that Zaic's motion to stay discovery **(ECF No. 53) is DENIED** as moot.

IT IS FURTHER ORDERED that the defendants' motion for reconsideration **(ECF No. 48) is GRANTED IN PART AND DENIED IN PART** as set forth above.

DATED this 23rd of May, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE