# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOYCE ZAIC,

    Plaintiff

v.

MICHAEL GIDDENS, et al.,

    Defendants

Case No.: 2:14-cv-00892-APG-PAL

**Order Denying Motions to Set Aside Judgment, Reverse Sanctions, and Reopen Case**

[ECF Nos. 67, 68, 69]

Plaintiff Joyce Zaic filed motions to set aside the summary judgment order, reverse the sanctions, and reopen the case. ECF Nos. 67, 68, 69. Zaic contends that somebody "poisoned" her case by sending Judge Boulware, the former district judge assigned to this case, *ex parte* information. She contends that I erred in dismissing her case without considering she is a pro se litigant and based on the proceedings before Judge Boulware prior to his recusal. Specifically, Zaic contends my prior order was based on a mistake of fact because I stated she concluded it was unimportant for her to pick up her mail from the post office. Zaic contends she never made that conclusion. Zaic also contends that I erroneously stated that she did not participate in discovery and to the extent she did, there were less drastic remedial measures I could have taken than dismissing her case.

The defendants respond that Zaic's complaint was dismissed only after multiple warnings from the court that she must engage in discovery or her case might be dismissed as a sanction. The defendants also note that Zaic did not appeal the summary judgment ruling to the Ninth Circuit. The defendants contend Zaic's motions are untimely because she did not seek relief in this court within a reasonable time. The defendants also characterize Zaic's accusation of an alleged *ex parte* communication with Judge Boulware as outrageous.

I granted case dispositive sanctions against Zaic on May 23, 2017, due to her failure to comply with the discovery process in good faith despite warnings from Judge Boulware that she may face case-dispositive sanctions. ECF No. 65. One year later, Zaic moves to reopen the case.

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for specified reasons, including "mistake" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). A Rule 60(b) motion must be made "within a reasonable time," and no more than one year after entry of the challenged order if mistake is the basis of the challenge. Fed. R. Civ. P. 60(c)(1). Courts resort to Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quotation omitted). "To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute" her case. *Id.* (quotation omitted).

Zaic did not bring her motion within a reasonable time. I entered my order dismissing her case a year prior to her Rule 60(b) motion. She could have moved for reconsideration of my order or appealed it but did not. She offers no explanation for why she has waited a year to bring her motion. She does not identify any extraordinary circumstances that prevented her from filing an appeal or her Rule 60(b) motion sooner. I therefore deny it as untimely. It is also unfounded on the merits.

IT IS THEREFORE ORDERED that plaintiff Joyce Zaic's motions to set aside the judgment, reverse the sanctions, and reopen the case **(ECF Nos. 67, 68, 69) are DENIED**.

DATED this 17th day of August, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE